**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00191-JMB |
| | ) | |
| DOUGLAS BURRIS, | ) | |
| | ) | |
| Respondent. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on review of self-represented petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. [1]. The Court will summarily dismiss the petition for the reasons below.

**Background**

Petitioner is incarcerated at the St. Louis County Jail awaiting criminal trial on charges of first-degree assault, armed criminal action, and unlawful use of a weapon. *See State v. Phillips*, No. 23SL-CR12878 (21st Jud. Cir. 2023). Despite petitioner's assertions to the contrary, the St. Louis County Circuit Court has yet to issue judgment in the case.[1]

**The Petition**

Petitioner filed the instant petition on February 5, 2024, using a form titled: "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Doc. [1]. He contends that the state court sentenced him on January 10, 2024. *Id.* He asserts four grounds in support of

---

[1] This information comes from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

his petition: (1) conspiracy under 42 U.S.C. § 1985, (2) false arrest and imprisonment, (3) malicious prosecution, and (4) abuse of discretion. *Id.*

## Discussion

Section 2254 provides, in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
> (B)
>
>> (i)  there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.

As discussed above, the record in the underlying criminal action shows that petitioner is merely a pretrial detainee. That is, the St. Louis County Circuit Court has not yet rendered judgment in his state criminal action. Put another way, petitioner is not a person in custody pursuant to the judgment of a state court. *See, e.g., Hall v. Edwards*, No. 4:13-CV-556-SNLJ, 2013 WL 1442459, at *1 n.3 (E.D. Mo. Apr. 9, 2013) (recognizing that a pretrial detainee is not a person in custody pursuant to a state court judgment); *Williams v. City of St. Louis*, No. 4:07CV370 CDP, 2007 WL 805604, at *1 (E.D. Mo. Mar. 14, 2007) (explaining that pretrial detainees may challenge confinement only under § 2241, not § 2254).

Even if petitioner had filed his petition under § 2241—the proper vehicle for challenging pretrial detention—it would still be deficient.[2] While the text of § 2241 does not contain an exhaustion requirement, courts generally "abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *See Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (collecting cases). In other words, absent exceptional circumstances, "a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction." *Williams v. City of St. Louis*, No. 4:07CV370 CDP, 2007 WL 805604, at *1 (E.D. Mo. Mar. 14, 2007) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 (1973) ("[F]ederal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.")).

Petitioner has not exhausted his state remedies and does not invoke special circumstances that would excuse him of the exhaustion requirement. To the extent petitioner seeks to challenge his pretrial detention, he may do so under Missouri Supreme Court Rules 33.03, 33.05, and 33.09.

## Conclusion

As a pretrial detainee, petitioner is not a person in custody pursuant to the judgment of a state court. The underlying criminal action remains pending before the St. Louis County Circuit Court. Further, petitioner has not exhausted his state remedies.

---

[2] Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts also applies to habeas petitions arising under § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

Accordingly,

**IT IS HEREBY ORDERED** that that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED**. Doc. [1]. A separate order of dismissal will follow.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of February, 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE